**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
LEDIA PEREZ, ALBERTO GONZALEZ,
HUMBERTO PEREZ and MURO ALI,
*individually and on behalf of others similarly situated,*

Docket No.: 12-cv-9353 (PAC)

*Plaintiffs,*

-against-

PLATINUM PLAZA 400 CLEANERS, INC.
(d/b/a SPLENDID CLEANERS), PLATINUM
STAR ENTERPRISES LLC (d/b/a
SPLENDID CLEANERS), and DAISY
HUANG

*Defendants..*
------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF DAISY HUANG AND DEFENDANTS PLATINUM PLAZA 400 CLEANERS, INC. AND PLATINUM STAR ENTERPRISES LLC**

MICHAEL FAILLACE & ASSOCIATES, P.C.
Joshua S. Androphy
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

Plaintiffs Ledia Perez, Alberto Gonzalez, Humberto Perez, and Muro Ali., submit this memorandum of law in support of their motion *in limine*, pursuant to Individual Rule & Practice 7(F).

## PRELIMINARY STATEMENT

Plaintiffs seek an order precluding individual defendant Daisy Huang from testifying at trial, and precluding any person from testifying on behalf of corporate defendants Platinum Plaza 400 Cleaners Inc. and Platinum Star Enterprises LLC on matters listed in the deposition notices served on the corporate defendants. Defendants should be precluded from testifying at trial because they failed to appear for depositions that were duly and properly noticed. Although Plaintiffs repeatedly sought to arrange Ms. Huang's appearance at her deposition, and the appearance of corporate representatives at depositions, neither Ms. Huang nor any other individual appeared for deposition. Plaintiffs would be extremely prejudiced if Ms. Huang is permitted to testify at trial, and if additional witnesses were allowed to testify on Defendants' behalf on subjects which were identified in Plaintiffs' Rule 30(b)(6) deposition notices, after Defendants failed to appear for depositions.

## STATEMENT OF FACTS

The following facts are taken from the declaration of Joshua S. Androphy and the exhibits annexed thereto.

Plaintiffs served deposition notices upon corporate defendants Platinum Plaza 400 Cleaners Inc. (d/b/a Splendid Cleaners) and Platinum Star Enterprises LLC (d/b/a Splendid Cleaners) on or about May 10, 2013, pursuant to Fed. R. Civ. P. 30(b)(6). (Androphy Dec. Exs. A, B) The notices scheduled depositions to take place on May 28, 2013, with respect to the following matters:

    a. The policies and practices of the defendants with respect to employee wages, hours, and pay.

    b. The payroll systems and/or practices of the defendants.

    c. The policies and practices of the defendants with respect to recordkeeping as to employee wages, hours, and pay.

    d. The schedules, hours worked, and pay and deductions made with respect to the plaintiffs.

    e. Any federal, state, or local government investigation or administrative or judicial proceeding against the defendants with respect to employees' wages, hours, pay, and/or deductions.

    f. The finances and financial operations of Platinum Plaza 400 Cleaners, Inc. [or Platinum Star Enterprises LLC], and any predecessor or successor entity within the period from May 1, 2008 to the present.

(*Id*)

Defendants' attorney advised that he was not available on the date scheduled for the deposition, and Plaintiffs agreed to reschedule. (Androphy Dec. ¶4) Over many months, Plaintiffs' attorneys attempted to schedule the depositions of the defendant entities, Platinum Plaza 400 Cleaners Inc. (d/b/a Splendid Cleaners) and Platinum Star Enterprises LLC (d/b/a Splendid Cleaners), without any success. (Androphy Dec. ¶¶4-6) However, Defendants' attorney said that Ms. Huang was in China and could not testify at a deposition. (*Id.* ¶6)

Plaintiffs' inability to depose Ms. Huang persisted. On July 9, 2014, at a statue conference before the Court, Defendants' attorney acknowledged that Plaintiffs had not had the opportunity to depose Ms. Huang, because she was in China, represented that he expected to be returning shortly, and agreed that if she was not available to be deposed within 30 days, she would be precluded from testifying at trial. (Androphy Dec. Ex. D at 2:4-10, 2:19-23)

Ms. Huang remained in China. (Androphy Dec ¶¶8-9) In a final attempt to obtain her deposition, Plaintiffs' served her with a notice of deposition for October 6, 2014. (*Id.* Ex. E) Ms.

2

Huang's attorney advised that she was still in China and therefore unavailable. (*Id.* Ex. F) As of approximately December 2, 2014, according to Defendants' attorney Ms. Huang was still in China and not available to appear for her deposition. (Androphy Dec. ¶10)

## **ARGUMENT**

### I.  DAISY HUANG SHOULD BE PRECLUDED FROM TESTIFYING AT TRIAL

Plaintiffs served a notice of deposition upon Daisy Huang, and she failed to appear for her deposition, or otherwise reschedule the deposition. Ms. Huang should be precluded from testifying at trial.

Fed. R. Civ. P. 37(d) provides that if a party fails to appear for her deposition, the Court may sanction the party, by, among other things, prohibiting the party from opposing claims or supporting defenses.

Moreover, Ms. Huang's attorney agreed on the record at the July 9, 2014 status conference that if Ms. Huang failed to appear for her deposition she should be precluded from testifying at trial. (Androphy Dec. Ex. D at 2:24- 3:3)

Plaintiffs would be severely prejudiced if Ms. Huang is permitted to testify at trial after not appearing for deposition. Plaintiffs have attempted for over eighteen months to take Ms. Huang's deposition, and have been unable to do so.

No lesser sanction would sufficiently address Ms. Huang's failure to appear for deposition. The trial of this action already was adjourned from July 21, 2014 to January 20, 2015, in order to accommodate Ms. Huang. However, Ms. Huang still has not appeared for deposition. A further continuance of trial would unjustly delay Plaintiffs the recovery they are due.

### II.  DEFENDANTS SHOULD BE PRECLUDED FROM PROVIDING ANY TESTIMONY ON THE SUBJECTS OF THE RULE 30(B)(6) DEPOSITION NOTICES SERVED ON THE CORPROATE DEFENDANTS

3

Along with the deposition notice to Ms. Huang, Plaintiffs also served deposition notices pursuant to Rule 30(b)(6) upon Platinum Plaza 400 Cleaners Inc. (d/b/a Splendid Cleaners) and Platinum Star Enterprises LLC (d/b/a Splendid Cleaners).  The deposition notices stated that the depositions were with respect to the following matters:

    a. The policies and practices of the defendants with respect to employee wages, hours, and pay.

    b. The payroll systems and/or practices of the defendants.

    c. The policies and practices of the defendants with respect to recordkeeping as to employee wages, hours, and pay.

    d. The schedules, hours worked, and pay and deductions made with respect to the plaintiffs.

    e. Any federal, state, or local government investigation or administrative or judicial proceeding against the defendants with respect to employees' wages, hours, pay, and/or deductions.

    f. The finances and financial operations of Platinum Plaza 400 Cleaners, Inc. [or Platinum Star Enterprises LLC], and any predecessor or successor entity within the period from May 1, 2008 to the present.

(Androphy Dec. Exs. A, B)

Defendants did not produce a witness to testify concerning these above matters, apparently because Daisy Huang is the individual qualified to do so, and she has been in China during discovery.  Because Defendants did not produce a witness to testify at deposition regarding these subject matters, they should be precluded from offering any testimony at trial concerning these matters as well.

## CONCLUSION

For the reasons set out herein, Plaintiffs respectfully request that Defendants be precluded from offering testimony at trial from Daisy Huang, or from any witness on the subjects included

in Plaintiffs' notices of deposition to Defendants Platinum Plaza 400 Cleaners Inc. (d/b/a Splendid Cleaners) and Platinum Star Enterprises LLC (d/b/a Splendid Cleaners).

Dated: New York, NY
December 17, 2014

                                                                          MICHAEL FAILLACE & ASSOCIATES, P.C.
By: ___/s/ Joshua S. Androphy
Joshua S. Androphy
60 East 42nd Street, Suite 2020
New York, New York 10022
(212) 317-1200
jandrophy@faillacelaw.com
*Attorneys for Plaintiffs*