**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
LEDIA PEREZ, ALBERTO GONZALEZ,
HUMBERTO PEREZ and MURO ALI,
*individually and on behalf of others similarly*          Docket No.:  12-cv-9353 (PAC)
*situated,*


                              *Plaintiffs,*


                       -against-


PLATINUM PLAZA 400 CLEANERS, INC.
(d/b/a SPLENDID CLEANERS), PLATINUM
STAR ENTERPRISES LLC (d/b/a
SPLENDID CLEANERS), and DAISY
HUANG



                              *Defendants.*
--------------------------------------------------------X


## PLAINTIFFS' PRETRIAL MEMORANDUM OF LAW

MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace
Joshua S. Androphy
Shawn Clark
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiffs*

Plaintiffs Ledia Perez, Alberto Gonzalez, Humberto Perez, Juana Guzman, and Muro Ali, by their attorneys Michael Faillace & Associates, P.C., submit this pretrial memorandum of law.

## PRELIMINARY STATEMENT

The evidence at trial will prove that Defendants failed to pay Ledia Perez, Alberto Gonzalez, Humberto Perez, Juana Guzman, and Muro Ali overtime and spread of hours wages, as required by the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Defendants, completely ignoring applicable federal and state labor law, paid the Plaintiffs at set weekly rates, paying the Plaintiffs flat cash payments for each day they worked in a week. These payments did not in any way account for the hours Plaintiffs actually worked each week. The wages Plaintiffs received from Defendants drastically undercompensated them for the overtime and spread of hours pay required by federal and state law.

Until approximately January 25, 2010, Defendants did not keep track in any way of the hours Plaintiffs worked. After January 25, 2010, after being investigated and penalized by the U.S. Department of Labor for their wage practices, Defendants changed Plaintiffs schedules, reducing their hours, and began to track the time Plaintiffs worked. However, Defendants did not make any change to how Plaintiffs actually were paid. They continued to receive weekly salary payments that did not properly compensate them for the work they performed.

## ARGUMENT

### I.  PLAINTIFFS' OVERTIME DAMAGES

The evidence at trial will demonstrate that there is little, if any, dispute over the fact that Plaintiffs were paid weekly salaries, which did not compensate them at the overtime rate for hours worked above forty.

Where, as here, employees are paid a flat weekly salary, under the FLSA there is a rebuttable presumption that the salary is intended to cover 40 hours per week. Therefore, under

the FLSA the regular rate should be determined by dividing the weekly salary rate by 40 hours, rather than by the number of hours actually worked.  . *Guallpa v. NY Pro Signs Inc.*, Index No. 11-cv-3133(LGS), 2014 U.S. Dist. LEXIS 77033, *9-*10 (S.D.N.Y. May 27, 2014); *Moon v. Kwon*, 248 F.Supp.2d 201, 207-08 (S.D.N.Y. 2002); *Giles v. City of New York*, 41 F.Supp.2d 308, 317 (S.D.N.Y. 1999); *Berrios v. Nicholas Zito Racing Stable, Inc.*, 849 F.Supp.2d 372, 385 (E.D.N.Y. 2012).

Defendants will not be able to rebut the presumption that the salaries paid to Plaintiffs were intended to cover 40 hours per week.  Accordingly, Plaintiffs overtime wages owed will be determined by dividing the total weekly pay by 40 hours to determine the regular rate.  Plaintiffs are owed 1.5 times the regular rate for all hours worked above 40 each week.

Under this calculation, Plaintiffs were paid above the minimum wage rate.  However, if the Court were to determined that Defendants rebutted the presumption, and that the salary payments were intended to cover all hours worked, then the regular rate would be determined by dividing the salary by the number of hours actually worked each week.  Under the calculation, Plaintiffs Ledia Perez, Alberto Gonzalez, and Muro Ali would have been paid below the applicable minimum wage for all or part of their employment with Defendants.

## II. PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES UNDER BOTH FEDERAL AND NEW YORK LAW

Plaintiffs are entitled to recover liquidated damages under both federal and New York law.  Both the FLSA and New York Labor Law provide for an award of liquidated damages unless the Defendants prove their violations were made in good faith.  Because Defendants will not be able to prove their violations were in good faith, Plaintiffs are entitled to liquidated damages.

Under the FLSA, once liability is established the employee is entitled to recover all unpaid minimum and overtime wages, as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "Liquidated damages are not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." *McLean v. Garage Mgmt. Corp.*, 2012 U.S. Dist. LEXIS 55425, *12, 2012 WL 1358739 (S.D.N.Y. April 19, 2012) (quoting *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)). The employer may escape liability for liquidated damages, if it can demonstrate that "it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Barfield v. New York City Health and Hospitals Corp.,* 537 F.3d 132, 150 (2d Cir. 2008). The employer must make establish its subject good faith and objective reasonableness by "plain and substantial evidence." *Solis v. Cindy's Total Care, Inc.*, 2012 U.S. Dist. LEXIS 1808, *74, 2012 WL 28141 (S.D.N.Y. Jan. 5, 2012) (quoting *Moon v. Kwon*, 248 F.Supp.2d 201, 234 (S.D.N.Y. 2002). "The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *McLean*, 2012 U.S. Dist. LEXIS 55425, *13 (quoting *Herman*, 172 F.3d at 142). "To establish the requisite subjective good faith, an employer must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Id.* (quoting *Barfield*, 537 F.3d at 150.

Similarly, under the New York Labor Law, an employee is entitled to recover liquidated damages unless the employer proves a good faith basis for having failed to pay the required wages. N.Y. Lab. Law § 198(1-a); *Hart v. Rick's Cabaret*, 2013 U.S. Dist. LEXIS 129130, *88-89, 2013 WL 4822199 (S.D.N.Y. Sept. 10, 2013).

3

A plaintiff may recover both FLSA and NYLL liquidated damages for overlapping periods of time. *See, e.g.*, *Merino v. Beverage Plus Am. Corp.*, 2012 U.S. Dist. LEXIS 140679,*8 (S.D.N.Y. Sept. 25, 2012) ("Most courts in this Circuit hold that a plaintiff may recover both forms of liquidated damages because the FLSA's damages are meant to be compensatory, while the state damages are meant to be punitive;" following majority of courts and awarding recovery of liquidated damages under both FLSA and NYLL); *McLean*, 2012 U.S. Dist. LEXIS 55425 at *25-26 ("FLSA liquidated damages and NYLL liquidated damages serve fundamentally different purposes, and the plaintiffs are entitled to both FLSA and NYLL liquidated damages for unpaid wage").

Through April 8, 2011, liquidated damages on unpaid wages and spread of hours pay under the New York Minimum Wage law are computed at 25% of the unpaid wages. The New York Labor Law was amended effective April 9, 2011, amending the recoverable amount of liquidated damages for unpaid wages to 100 percent; thus, from April 9, 2011 through the end of plaintiffs' employment, liquidated damages under the New York Labor Law are computed at 100% of the unpaid wages. NYLL § 663(1).

Plaintiffs are entitled to liquidated damages as follows:

(i)      through December 20, 2009, 25% (under pre-amendment NYLL);

(ii)     from December 21, 2009 through April 8, 2011, 125% (under FLSA and pre-amendment NYLL); and

(iii)    after April 9, 2011, 200% (under FLSA and post-amendment NYLL).

**CONCLUSION**

Wherefore, it is respectfully requested that Plaintiffs be granted judgment against Defendants, as set out in Plaintiffs' proposed findings of fact and conclusions of law submitted herewith.

January 12, 2015

> MICHAEL FAILLACE & ASSOCIATES, P.C.
> *Attorneys for Plaintiffs*
>
> By: ___/s/ Joshua S. Androphy ___
> Michael Faillace
> Joshua S. Androphy
> 60 East 42nd Street, Suite 2020
> New York, New York 10022
> (212) 317-1200