UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

LEDIA PEREZ, ALBERTO GONZALEZ,
HUMBERTO PEREZ, and ALI MURO,

    Plaintiffs,

  -against-             12 Civ. 9353 (PAC)

PLATINUM PLAZA 400 CLEANERS, INC.
(d/b/a SPLENDID CLEANERS),      **OPINION & ORDER**
PLATINUM STAR ENTERPRISES LLC
(d/b/a SPLENDID CLEANERS), and DAISY
HUANG,

    Defendants.

------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

  On April 24, 2015, the Court awarded Plaintiffs damages for Defendants' violations of federal and state wage and hour laws, following a bench trial on January 20, 2015. Plaintiffs now seek attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), in the amount of $39,737.50. Defendants do not oppose this request.

  Plaintiffs are entitled to attorneys' fees and reimbursement of costs. Under the Fair Labor Standards Act and the New York Labor Law, the prevailing party is entitled to recover costs and reasonable attorneys' fees. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). In accordance with *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany*, 522 F.3d 182, 190 & n.4 (2d Cir. 2007), the Court has reviewed Plaintiffs' attorneys' contemporaneous billing records, resumes, and calculations and considered "1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service

1

properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases;" and the fact that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* at 186 n.3, 190 (citation omitted). As a result of this review, the Court has determined that the amount of time spent on this case by Plaintiffs' attorneys is reasonable, the requested billing rates for each attorney are reasonable[1] and accordingly, the requested award is reasonable.

Plaintiffs are entitled to $38,360[2] in attorneys' fees and $1,377.50 in reasonable costs, for a total of $39,737.50. The Clerk of Court is directed to enter judgment in the amount above, as well as in the amounts listed in the Court's April 24 order, and to close this case.

Dated: New York, New York  
June 16, 2015

SO ORDERED

*Paul Crotty*

PAUL A. CROTTY  
United States District Judge

---

[1] While the Court notes that several recent cases have declined to grant these billing rates to Michael Faillace & Associates, *see Rosendo v. Everbrighten Inc.*, 2015 WL 1600057, at *8 (S.D.N.Y. Apr. 7, 2015) (citing cases), the requested billing rates are not beyond the range of what courts in this district have granted. *See Gurung v. Malhotra*, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514 (S.D.N.Y. 2011). Plaintiffs' attorneys here have demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case.

[2] The Court notes that one time entry submitted by Plaintiffs' attorneys requests $200 for a half hour of work performed by Joshua Androphy, but has no description of the task with which it was associated. *See* Androphy Decl. at 5 (entry marked "Feb-18-15"). In light of the fact that Plaintiffs' attorneys are not requesting fees for an additional attorney or the 35 hours of work done by two paralegals, Pl. Mem. at 6, the Court will not reduce the award by this amount because of this omission.